MARTINDALE v. WOOLEY, Sheriff.

No. A-2721. Opinion Filed September 26, 1918.

(174 Pac. 1181.)

Application of D. M. Martindale for writ of habeas corpus, directed against James Wooley, as sheriff of Tulsa county. Petition dismissed.

James H. Sykes, for petitioner.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for respondent.

PER CURIAM. This is an application for a writ of habeas corpus to be directed to the sheriff of Tulsa county, Okla., wherein it is alleged that petitioner is unlawfully restrained of his liberty in the county jail of said county by such sheriff on a certain order of commitment issued out of the district court of Tulsa county in the case of State of Oklahoma v. W. R. Miller et al., and wherein this petitioner was convicted of contempt of court, and by the said court ordered to serve a period of six months in jail and to pay a fine of $1,000. It is alleged that such restraint is illegal for the following reasons: "First. That the writ of injunction which your petitioner is charged with the violation of is a void order, for the reason that the same is not predicated upon a judgment of court finding the place described in the petition to be a nuisance under the law in such case made and provided, and the journal of the clerk of the district court of Tulsa county fails to disclose such a judgment; that affidavit of person having made search of the said journal is hereunto attached, and hereby made a part hereof. Second. That the judgment and finding of the court under which your petitioner was committed is void, for the reason that the same is in excess of the penalty prescribed by law, and that said sentence was without warrant and authority of law; that the trial court entered said judgment of sentence without jurisdiction, the same not being conferred upon said court by the pleadings in said cause, and for the further reason that the temporary writ of injunction was issued in violation of the provision of the statute under which said proceedings were instituted; that copies of the temporary writ of injunction, the information, the demurrer and answer of the defendant Martindale, also that part of the record showing the denial of the right to appeal in said cause, are hereunto attached and hereby made a part hereof." Upon the presentation of this application to this court, it appeared from the record that the trial court had denied the petitioner the right to appeal from the judgment assessing the penalty for indirect contempt of court, and the petitioner was at that time admitted to bail pending further disposition of his application for the

writ. Since that action was taken in this proceeding, the trial court granted this petitioner an appeal to this court from the judgment of conviction in the contempt proceeding, and that appeal is now pending, and petitioner released on bail pending such appeal. All the questions presented in the petition for the writ, except the denial of the right to appeal, are raised for determination in the appealed case, and can be passed upon in that case. The question of the denial of appeal is moot, since the appeal has been granted, and petitioner released on bail; and, for the reasons stated, this petition is dismissed.